SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------------------

DEIRDRE PRICE,
            Plaintiff

                                                    AMENDED COMPLAINT
                                                    Index No. 23 cv 03113 (ST)

    -against-

POLICE OFFICER DWAYNE MCCURTHY,
Individually and in his capacity as a police officer
With the Port Washington Police Department;
POLICE OFFICER FNU BURRIS, individually and
In his capacity as a police officer with the Port
Washington Police Department.
POLICE OFFICER ROBERT CAVALLI,
Individually and in his capacity as a police officer
With the Port Washington Police Department;
SERGEANT DANIEL DEVITO,
Individually and in his capacity as a police officer
With the Port Washington Police Department;
DETECTIVE THOMAS MCCARTHY,
Individually and in his capacity as a police officer
With the Port Washington Police Department;
SERGEANT ALEXANDER MOTT,
Individually and in his capacity as a police officer
With the Port Washington Police Department;
RETIRED POLICE CHIEF JAMES SALERNO,
Individually and in his capacity as a police officer
With the Port Washington Police Department and;
POLICE OFFICER BRANDON WILSON,
Individually and in his capacity as a police officer
With the Port Washington Police Department.

      Defendants.
---------------------------------------------------------------------------

    Plaintiff, DEIRDRE PRICE, by her attorneys of the Kirton Law Firm complaining of the

Defendants, all upon information and belief, respectfully allege:

1

1. This is an action for damages for unlawful violation of civil rights under 42 U.S.C.§1983, the 4th Amendment of the US Constitution, and the New York State Constitution, false arrest, false imprisonment, malicious prosecution, unlawful search and seizure and violation of equal protection rights.
2. Plaintiff, Deirdre Price, is a natural person currently residing in Nassau County, New York.
3. At all times hereinafter mentioned, the Defendants, were employees of the Port Washington Police Department is located in Nassau County.
4. The Defendant police officers are employees of the Port Washington Police Department and were acting under the color of state law, within the scope of their employment and having the duties imposed by law Theron.
5. The incidents in question occurred in Nassau County, New York.
6. On July 24, 2017, Ms. Price went to the Port Washington Police District limping with substantial pain to report another domestic violence incident and a violation of the Order of Protection that she held against her daughter, Domonique. Instead, the Defendants illegally detained Ms. Price for hours waiting to report her violation of Order of Protection.
7. While Ms. Price laid in the hospital, Defendant WILSON, without just cause, falsely accused her of abusing her daughter with a belt; Defendant Wilson never offered any proof of said injury or the "brown belt." Defendant WILSON even stated in ECAB reports it was no belt to ADA Diane Peress and the child was not present. Defendant WILSON falsified evidence and falsely charged Plaintiff of a crime that he knew she did not commit, afflicting cruel punishment on an innocent person.
8. That on December 9, 2020, and at all times hereinafter mentioned, Plaintiff was falsely arrested at her home located at Port Washington, New York. Plaintiff filed a Notice of Claim on March 8, 2021.
9. Plaintiff was assaulted by her daughter, Domonique Price, and called the police. Plaintiff had visible bruises over her face and body.
10. The officers that responded MCCURTHY AND BURRIS responded by arresting the Plaintiff. Plaintiff began to feel ill and was rushed to the Nassau County Medical Center. She was handcuffed for two days until her arraignment at the hospital on December 11, 2020.

11. Plaintiff was granted bail and was assigned an attorney. Plaintiff attended numerous court appearances in Nassau County Criminal Court.
12. The case against Plaintiff was dismissed with prejudice on June 10, 2021.

## AS FOR A FIRST CAUSE OF ACTION FOR FALSE ARREST OF PLAINTIFF

13. Plaintiff repeats and realleges every allegation set forth above-numbered "1" thorough "12" inclusive with the same force and effect as if more fully set forth at length herein.
14. That on July 24, 2017, and at all times hereinafter mentioned and upon information and belief, Officers MCCARTHY, DEVITO, AND SALERNO were working within the scope of their employment and authority with defendants, Port Washington Police Department, when they arrested and confined Plaintiff.
15. That on December 9, 2020, and at all times hereinafter mentioned and upon information and belief, Officers MCCURTHY AND BURRIS were working within the scope of their employment and authority with defendants, Port Washington Police Department, when they arrested and confined Plaintiff.
16. That on July 24, 2017, and at all times hereinafter mentioned and upon information and belief, the arrest and subsequent confinement of Plaintiff was without probable cause nor based on reasonable grounds.
17. That on December 9, 2020, and at all times hereinafter mentioned and upon information and belief, the arrest and subsequent confinement of Plaintiff was without probable cause nor based on reasonable grounds.
18. That as a result of the aforesaid false arrest and confinement, Plaintiff sustained injuries in the form of lost wages and loss of economic opportunities, along with humiliation, shame, indignity, damage to reputation, days incarcerated, and severe emotional distress.

## AS FOR A SECOND CAUSE OF ACTION FOR FALSE IMPRISONMENT OF PLAINTIFF

19. Plaintiff repeats and realleges each and every allegation set forth above-numbered "1" thorough "18" inclusive with the same force and effect as if more fully set forth at length herein.

20. That on July 24, 2017, and at all times herein mentioned and upon information and belief, defendants, Officers MCCARTHY, DEVITO, AND SALERNO were working within the scope of their employment when they, without justification and without probable cause, imprisoned Plaintiff.

21. That on December 9, 2020, and at all times herein mentioned and upon information and belief, defendants, Officer MCCURTHY AND BURRIS, were working within the scope of their employment when they, without justification and without probable cause, imprisoned Plaintiff.

22. The defendants, Officers MCCURTHY AND BURRIS, were acting within the scope of their employment, intentionally confined Plaintiff against her will, and said confinement was not privileged.

23. That as a result of the aforesaid false imprisonment and confinement, Plaintiff sustained injuries in the form of lost wages and loss of economic opportunities, along with humiliation, shame, indignity, damage to reputation, days incarcerated, and severe emotional distress.

## AS FOR THE MALICIOUS PROSECUTION CLAIMS AGAINST DEFENDANTS MCCARTHY, DEVITO, SALERNO, AND MCCURTHY

24. Plaintiff repeats and realleges each and every allegation set forth above numbered 1-23.

25. That the Defendants MCCARTHY, DEVITO and SALERNO initiated a prosecution without probable cause against Plaintiff on July 24, 2017.

26. That Plaintiff received an Adjournment in Contemplation of Dismissal (ACD) with respect to the charges from her July 24, 2017, arrest.

4

27. That before the December 9, 2020, arrest, Plaintiff and a witness previously made a report to police that her daughter assaulted her on September 1, 2020, that she emailed a complaint to police about their handling of the September 1st incident, that she had obvious bruising on her face, eyes, arms, and legs from the December 2020 assault, and that she herself called the police to make an incident report.
28. That Defendants MCCURTHY AND BURRIS, falsified evidence and falsely charged Plaintiff of a crime that he knew she did not commit On December 9,2020.
29. That Defendants MCCURTHY AND BURRIS initiated the prosecution.
30. That both counts Plaintiff was charged with in connection with her December 9, 2020, arrest were dismissed.

## AS FOR THE UNLAWFUL SEARCH AND SEIZURE CLAIM

31. Plaintiff repeats and realleges each and every allegation set forth above numbered 1-30.
32. When Plaintiff returned to her residence on July 28, 2017, her belongings had been removed by the Defendants and the search of her residence and seizure of her effects had occurred without a warrant.
33. That the Port Washington Police assisted her daughter in removing the belongings from her home.

## AS FOR THE VIOLATION OF EQUAL PROTECTION RIGHTS AGAINST MCCARTHY CLAIM

34. Plaintiff repeats and realleges each and every allegation set forth above numbered 1-33.
35. Plaintiff's Fourteenth Amendment rights were violated when prior to her arrest Defendant MCCARTHY made a racially discriminatory remark to her about how he felt that African Americans discipline their children with 'sticks on the tree. Plaintiff's Fourteenth Amendment rights were also violated when she was treated differently than Domonique based on her skin color by Defendant MCCARTHY when he arrested her for the July 2017 incident and that treatment was the result of racial animus.

5

## **RELIEF SOUGHT**

36. Plaintiff, seek damages of $1,250,000 for lost wages, loss of economic opportunities, humiliation and shame, days incarcerated, and severe emotional distress.

Dated: Hempstead, New York
      12/31/2023

                               Yours, etc.

                              *Marlon Kirton*
                              Marlon G. Kirton, Esq.