**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
DEIRDRE PRICE,

                       Plaintiff,          **MEMORANDUM AND ORDER**

   -against-                        **23-cv-03113 (ST)**

PORT WASHINGTON POLICE DEPARTMENT,
*et al.*,

                      Defendants.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

On or about February 15, 2024, Defendants allege they served discovery requests on Plaintiff. *See* Defs.' Mot. for Att'ys Fees ("Mot.") at 1. On June 11, 2024, this Court ordered that Plaintiff "shall supplement initial disclosures and provide HIPAA authorizations by June 26, 2024." June 11, 2024, Min. Order. Plaintiff failed to comply, and Defendants subsequently filed a motion to compel on September 4, 2024, to which the Court granted on September 6, 2024, and ordered that Plaintiff "shall produce initial disclosures and a revised employment authorization by September 20, 2024." September 6, 2024, Min. Order. While Plaintiff produced some items, outstanding items remained, and on November 1, 2024, this Court extended discovery to January 20, 2025. November 1, 2024, Min. Order. Defendants allege that Plaintiff agreed to produce fully-executed HIPAA authorizations for all medical providers that authorized release of alcohol/drug treatment, mental health treatment, and HIV-related information for the period ranging from January 2015 to the present. Mot. at 1. Plaintiff again failed to produce all the authorizations and on December 6, 2024, this Court ordered Plaintiff to produce the executed authorizations within one week. December 6, 2024, Min. Order. Plaintiff failed to fully comply, prompting this Court on January 6, 2025, to order Plaintiff to produce the agreed-upon authorizations, which Plaintiff

- 1 -

again failed to fully comply with, prompting Defendants to again file a motion to compel on January 21, 2025, that was granted by this Court on January 30, 2025. *See* Dkt. Entries 38-39.

After repeated noncompliance by Plaintiff, and the filing of multiple motions to compel and for sanctions by Defendants, Plaintiff finally fully complied with the Court's Orders and provided all the requested discovery items to Defendants. *See* March 26, 2025, Min. Order. However, the Court noted that non-compliance would result in sanctions, regardless of whether or not Plaintiff produced the authorizations due to Plaintiff's repeated failures to comply. *See* March 3, 2025, Min. Order; *see also* March 26, 2025, Min. Order. As a result, Defendants filed their Motion for Attorney's Fees on June 18, 2025, seeking $8,575.00 in connection with their motions to compel and for sanctions.

Rule 37 of the Federal Rules of Civil Procedure provides that when a discovery motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Justification for Rule 37 attorney fees derives from the notion that parties should be compensated for unnecessary work expended as a result of an opposing party's discovery failures. *See Am. Empire Surplus Lines Ins. Co. v. JJSL Dev., Inc.*, 2017 WL 9485713, at \*3 (E.D.N.Y. Feb. 13, 2017), (holding Rule 37 sanctions appropriate where opposing party "forced to litigate the missing discovery in this action for an extended period with multiple filings."). As with any imposition of attorney fees, "sanctions under Rule 37 lies within the broad discretion of the district court." *Ganci v. U.S. Limousine Serv., Ltd.*, 2012 WL 13109965, at \*3 (E.D.N.Y. Sept. 28, 2012) (citing *Corporation of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 36 (2d Cir. 1987).

"As with the award of statutory attorneys' fees to a party that prevails on the merits, an award of fees as a sanction for discovery abuse begins with a lodestar analysis." *Rahman v. The Smith & Wollensky Rest. Grp., Inc.*, 2008 WL 1899938, at *2 (S.D.N.Y. Apr. 29, 2008). Calculating the lodestar figure requires multiplying the number of hours reasonably worked by the appropriate hourly rate for each attorney. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). In making such determination, the court may consider "the difficulty of the questions involved, the skill required to handle the problem, the time and labor required, the lawyer's experience, ability and reputation, the customary fee charged by the Bar for similar services, and the amount involved." *Cardwell v. Davis Polk & Wardwell LLP*, 2021 WL 2650371, at *3 (S.D.N.Y. June 28, 2021) (citation omitted) (cleaned up). Indeed, the "product of a reasonable hourly rate and the reasonable number of hours required by the case[,] creates a 'presumptively reasonable fee.' " *Millea v. Metro–N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill*, 522 F.3d at 183).

In the instant matter, the Court granted Defendants motions to compel, thus entitling Defendants to a reimbursement of attorneys' fees by Plaintiff. Plaintiff claims that her delay in providing the necessary discovery items was due to technical issues and a good faith belief that Defendants did not have a legal right to access documents from her counseling sessions at the Safe Center given that she was a past victim of sexual assault. Opp'n at 2. Granted, the Court is precluded from ordering payment of attorneys' fees if the "opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). While the Court sympathizes with Plaintiff's situation, it cannot find that the reasons provided by Plaintiff justified a one-year delay in providing the discovery materials. In fact, by Plaintiff's own admission, Plaintiff's good faith belief that

Defendant had no right to access the discovery material was predicated on a "misguided view of the Federal Rules of Civil Procedure." Opp'n at 2. Therefore, the Court grants Defendants' Motion for Attorneys' Fees and now must determine the reasonable hourly rate and the reasonable number of hours expended by Defendants due to Plaintiff's noncompliance.

## I.    Hourly Rate

First, the Court must determine whether the hourly rates requested are consistent with similar cases in the Eastern District of New York. Here, Defendants request a total of $8,575 in fees. *See* Mot. at 3. In doing so, Defendants request $450 an hour for partner Mark Radi and $200 an hour for associate Diandra Burton. The Second Circuit has established a list of twelve non-exhaustive factors when determining a reasonable hourly rate: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 187 (2d Cir. 2008). Here, Defendants' Counsel demonstrates considerable experience to justify the requested rates.

## II.    Hours Expended

Second, this court must determine whether the hours requested are reasonable. Attorney fees requests "should specify, for each attorney, the date, the hours expended, and the nature of

the work done." *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "[I]n the Second Circuit, motions for attorney's fees must be based on contemporaneous time records specifying relevant dates, time spent and work done." *Broad. Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 661 (S.D.N.Y. 1996) (emphasis added). As a guiding principle, Defendants are entitled to reasonable fees and costs associated with successful motions to compel, as well as additional work that yielded as a result of Plaintiff's repeated discover violations. Defendants are not entitled to fees associated with routine casework that would have taken place regardless of discovery violations. Nor are Defendants entitled to fees that exceed the reasonable time it should take an attorney for such work.

In the instant matter, Defendants seek compensation for 10.7 hours of billable work by Partner Mark Radi and 18.8 hours of billable work by associate Diandra Burton. Upon inspection of Radi and Burton's itemized billable hour log, the Court finds that attorneys Radi and Burton did not exceed the reasonable time it should take one for such work, and that the billed work was all done in connection with Defendants' motions to compel and for sanctions, and for other work directly arising out of Plaintiff's noncompliance. *See* Ex. A to Mot.

### CONCLUSION

For the reasons set forth above, the Motion for Attorneys' Fees is GRANTED. The Court awards Defendnats' Counsel $8,575.00 in attorneys' fees and costs.

**SO ORDERED.**

_____
/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
      March 27, 2026